VASQUEZ *et al.*, Plaintiffs in Error, *vs.* RICHARDSON, Defendant in Error.

1. A deed conveying " a tract of land eight arpens in front upon the depth of forty," with no proof of its locality, was held not sufficient to pass the specific land claimed by the plaintiff.
2. An administration sale, under the act of July 4, 1807, will not be held void for the non-production of the advertisement required by law, nor for the want of the administrator's affidavit that he did not become the purchaser. Under that act, it was not necessary that there should be a confirmation of the sale or a deed.
3. Fraud in the sale will not be presumed from the mere fact that the purchaser at the sale afterwards conveyed the property to the administrator.

*Error to St. Louis Court of Common Pleas.*

This was an action of ejectment, commenced in 1847, to recover the northern portion of a tract of sixteen by forty arpens of land, confirmed to Benito Vasquez. The plaintiffs claimed under a deed from Benito Vasquez and wife to their children, dated July 4, 1807, in which the land conveyed was described as " a tract of land eight arpens in front upon the depth of forty, and as the same exists according to the lines of the figurative plan." The plaintiffs offered in evidence the concession and confirmation to Benito Vasquez, accompanying which was a plat, which they claimed to be the figurative plan referred to in the description in the deed. They then offered in evidence a deed, dated February 17, 1804, from Mrs. Julia Vasquez, wife of Benito, to Wm. Hebert Lecompte, conveying three by forty arpens in the White Ox prairie, bounded north and south by lands of Benito Vasquez; a deed from Benito Vasquez and wife to Francis Valois, dated February 18, 1804, for two arpens by forty, bounded north by lands of William Hebert Lecompte, and south by lands of Vasquez; and a deed from Vasquez and wife to Andrew Landreville, dated February 21, 1804, conveying two by forty arpens, bounded north by Valois, and south by Antoine Roy. The plaintiffs asked the court to instruct the jury that the deed under which they claimed passed the land in controversy, if the three deeds to

Lecompte, Valois and Landreville were duly executed and conveyed the southern seven arpens of the tract conceded and confirmed to Benito Vasquez; which instruction the court refused to give.

The defendant claimed under two sales made by Joseph Phillipson, as administrator of Benito Vasquez, under the law of July 4, 1807. The proceedings in relation to these sales and the objections to them are stated in the opinion of the court.

*J. E. Munford,* for plaintiffs in error. 1. The deed from Benito Vasquez and wife to their children is not void for uncertainty of description. The survey of the tract confirmed to Vasquez, as shown by the figurative plan, was for fifteen by forty arpens in the White Ox prairie, bounded south by Roy. The deeds to Lecompte, Valois and Landreville conveyed seven by forty arpens, bounded south by Roy, leaving the northern eight by forty arpens still remaining, at the date of the deed under which the plaintiffs claim. In addition to this, the deed is dated at White Ox prairie. *Hart* v. *Rector,* 7 Mo. Rep. *Landes* v. *Perkins,* 12 Mo. Rep. *Ashley* v. *Green,* 8 Mo. Rep. 2. There was evidence tending to show fraud in the administration sale, which should have gone to the jury. 3. The deed from Phillipson, as administrator, to Mrs. Vasquez, is void for uncertainty of description. The language of the deed is, "A certain piece of land, situate in the White Ox prairie, containing 7½ arpens in front, by 40 in depth, adjudged to the widow Vasquez." Greater certainty of description is necessary in deeds executed by officers of the law than in voluntary deeds. 4. The deeds from the administrator to Mrs. Vasquez are void, because there is no copy of the advertisement of the sale, nor was there any confirmation of the sale. 8 Met. 363. 20 Wend. 241. 15 Pick. 423. 13 Wend. 464.

*E. & B. Bates,* for defendant in error.

Scott, Judge, delivered the opinion of the court.

1. The description of the premises in controversy, supposed to be conveyed to the plaintiffs, is in these words : "A tract

of land eight arpens front upon the depth of forty, and as the same exists according to the line of the figurative plan." Upon this alone, without any extrinsic proof of its locality, the instruction called upon the court to declare the law to be, that the instrument was operative to convey to the plaintiffs the land claimed by them in their declaration, if the jury should find the deeds given in evidence, to Lecompte, Valois and Landreville, were duly executed, and conveyed seven arpens of the southern part of the land conceded to said Benito Vasquez, and subsequently confirmed. These deeds conveyed seven arpens of land, by forty, adjoining each other, bounded on the south by Antoine Roy, and north by the land of Benito Vasquez, in White Ox prairie, running in depth from the hills or bluffs to the Mississippi. There is no evidence of the locality of Antoine Roy.

It is evident that this case is wholly unlike those in which it has been held that parol evidence was admissible to show that the description of land in a deed was understood, and that it was known by the terms by which it was described. Now, without proof, it was impossible to ascertain what land passed by the deed. Such evidence, if it existed, might have been produced, but the instruction requires the court, as a matter of law upon the deed itself, without any other evidence than the existence of deeds which shed no light on the subject, to declare that, by the description given, the land in the occupation of the defendant passed to the plaintiffs. The instruction was wrong in principle, if there was any evidence of the identity of the land, because it invaded the province of the jurors, who are the sole judges of the weight to be given to the evidence produced on the trial in relation to the locality of the land conveyed.

The plaintiffs being heirs at law of Benito Vasquez, it is insisted that, although their title, under the paper evidence, may fail, yet they are entitled to the land by the law of inheritance, as the proceedings of the administrator, in the sale of the estate for the payment of debts, were conducted with such irregularity, and so affected with fraud, that they were

void and inoperative to pass away the title derived by succession from Benito Vasquez, their father.

2. The proceedings which resulted in a sale of the land in controversy, took. place upwards of forty years since, but a few years after the transfer of Louisiana to the United States. The Spanish law was then in force, unless where it had been superseded by our own institutions and legislation. Most of the papers forming a part of the procedure, are in the languages then used by the old inhabitants of the territory. It would be hard, under these circumstances, to test the legality of these judicial proceedings by a system of law whose introduction dates from a period long subsequent. The observations which were made in the beginning of the opinion, in the case of *Landes* v. *Perkins*, 12 Mo. Rep. 254, are applicable to the objections urged against the validity of the sale decreed by the general court for the payment of the debts of the estate of Benito Vasquez. That court, undoubtedly, had jurisdiction of the subject matter. The act of July 4, 1807, empowered the general court to order the sale and conveyance of the real estate of intestates, upon the filing an account, upon oath, of the debts, with the inventory, appraisement, and lists of sales of the estate of the deceased. Advertisements of the time and place of sale were required to be made out by the clerk, and the proceedings were to be brought to the next term of the court after the sale was made, with an oath or affirmation that such administrator did not become a purchaser of such land himself; that they were not purchased for his use, and that he was in no wise interested in the purchase thereof. The first petition for a sale was accompanied with an inventory, sale bill and an account of debts, supported by an affidavit of its truth. An order of sale was decreed, and the clerk was directed to make out advertisements giving notice of the time and place of sale. The sale was made, and afterwards, the administrator made the oath required by law. This proceeding was for the sale of seven by forty arpens in the White Ox prairie.

Subsequently, another petition was filed for the sale of one

and a half arpens in the White Ox prairie ; land belonging to the estate which had come to the knowledge of the administrator since the first sale. There was an order for the sale of this land. It was sold and a conveyance was executed, but it does not appear that any return was ever made, or that the affidavit required by law was ever filed by the administrator.

The law, at that time, did not require a confirmation of the proceedings of the administrator in the sale of land to be made by the court, nor is there any provision respecting the making of a deed to the purchaser.

As to the first sale, it is in all respects conformable to law, except that the affidavit of the administrator that he did not become the purchaser, was not made within the time required by law. The sale of the one and a half arpens was a continuation of the former proceeding, and is within the principle of the case of *Frye* v. *Kimball*, 16 Mo. Rep., where there were orders of sale at different times, under one account and inventory.

The advertisement required by law was no part of the record. No way was devised for its preservation. The statute did not require any deed. The sale was made prior to the introduction of the common law and the enactment of the statute of frauds and perjuries. Under these circumstances, after such a lapse of time, to require the production of a fugitive paper, in order to sustain a judicial proceeding, would subvert most titles resting on such proceedings for their support. These constructions are applicable to the want of the affidavit of the administrator that, at the second sale, he did not become the purchaser of the land, and that he was not interested therein.

As to the description of the land contained in the two deeds of the administrator, it will be very unsafe, at this distance of time, to pronounce that it rendered them void for its uncertainty. The description is such as would serve, with the aid of extrinsic evidence, to locate the land. If lands are properly described in the notice of sale, no injury would result to an estate from the vagueness of the description contained in the

deed. This is a matter between the purchaser and the administrator. The description of the land in the deed of the administrator is more definite than that in the deed of Vasquez and wife to the plaintiffs. There is nothing in the description of the land alleged to be conveyed to the plaintiffs, taken in connection with the existence of the facts assumed in their first instruction, which would enable a court, as a matter of law, to declare that the land in controversy passed by it.

3. There is no proof of fraud in the administrator's sale, as maintained by the counsel for the plaintiffs. Fraud is not to be presumed, and without proof of it, either by positive evidence, or by circumstances from which it may be inferred, it cannot be supposed to exist. The mere circumstance of the the subsequent sale by the purchaser to the administrator is not sufficient to warrant the assertion that it did exist. The greater portion of the land, conveyed by the purchaser to the administrator, was transferred by a deed which bore date upwards of fourteen months from the time of the sale. Nor was the existence of fraud made a question by any of the instructions offered on the trial below.

Judge Ryland concurring, the judgment is affirmed. Judge Gamble not sitting.